IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CATHERINE DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> RESCARE, INC. d/b/a RESCARE HOMECARE, VANESSA STRAUS, and JOHN DOES 1-3, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 07 C 07778-5 |



## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant ResCare, Inc. ("ResCare" or "Defendant"), and answers the allegations of Plaintiff's Complaint (the "Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

While specifically denying any negligence on its part, if Defendant was negligent, any recovery by Plaintiff should be reduced proportionally in accordance with the negligence or fault of any other party or non-party pursuant to O.C.G.A. § 51-12-33 or any other applicable apportionment statute or rule.

### FOURTH DEFENSE

Defendant had no special relationship with Plaintiff giving rise to a duty to protect.

1

## FIFTH DEFENSE

No act or omission on the part of Defendant caused or contributed to whatever injuries or damage Plaintiff may have sustained.

## SIXTH DEFENSE

The sole proximate cause of Plaintiff's injuries, to the extent sustained, was the negligence or conduct of Plaintiff herself.

## SEVENTH DEFENSE

The negligence and/or conduct of Plaintiff contributed proximately to her alleged injuries, and she was not exercising ordinary care for her own safety at the time she was allegedly injured.

## EIGHTH DEFENSE

Even if this Defendant was negligent in the manner set out and charged in the Complaint, which Defendant expressly denies, Plaintiff's negligence was equal to or greater than any negligence charged against this Defendant, and the consequences of such negligence, if any in fact existed, could have been avoided had Plaintiff exercised ordinary care for her own safety.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## TENTH DEFENSE

Defendant did not employ Vanessa Straus and is not responsible for her actions, directly or indirectly, through *respondeat superior* or otherwise.

Subject to and without waiving the foregoing defenses, Defendant answers the individually enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits that Res-Care, Inc. is a foreign corporation authorized to do business in the State of Georgia, and its registered agent is correctly identified in Paragraph 1 of the Complaint. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies same.

3.

Defendant admits Plaintiff purports to bring this action against fictitious defendants. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint as stated, and further denies such allegations to the extent they seek to impose any legal duty or obligation that is inconsistent with applicable law.

8.

Paragraph 8 is a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies same.

10.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10, and therefore denies same.

11.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11, and therefore denies same.

12.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12, and therefore denies same.

13.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13, and therefore denies same.

14.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14, and therefore denies same.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

Defendant denies any and all remaining allegations contained in Plaintiff's Complaint not expressly admitted or otherwise stated herein.

**WHEREFORE**, Defendant prays as follows:

A.   That Plaintiff have and recover nothing from Defendant and that Plaintiff's Complaint be dismissed with prejudice;

B.   That costs of this action be taxed against the Plaintiff; and

C.   That Defendant be granted such other and further relief as this Court deems appropriate.

Respectfully submitted this 26th day of January, 2018.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

Ronald G. Polly, Jr.
Georgia Bar No. 583264
rpolly@hptylaw.com
Matthew A. Boyd
Georgia Bar No. 027645
mboyd@hptylaw.com

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308
Telephone:   (404) 614-7400
Facsimile:   (404) 614-7500

5

iManage 11710621v.1

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CATHERINE DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>RESCARE, INC. d/b/a RESCARE<br>HOMECARE, VANESSA STRAUS, and<br>JOHN DOES 1-3,<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. 07 C 07778-5 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** via U.S. Regular Mail, proper postage prepaid, and addressed as follows:

> Bernard Hoppenfeld
> 3348 Peachtree Road, N.E.
> Suite 700
> Atlanta, Georgia 30326

This 26th day of January, 2018.

Matthew A. Boyd
Georgia Bar No. 027645
mboyd@hptylaw.com

1

iManage 11710621v.1